**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:10-cv-207-RJC
(3:07-cr-30-RJC)**

| | |
|---|---|
| **KEITH LAMONT ELLISON,** ) | |
| ) | |
| **Petitioner,** ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Respondent.** ) | |
| ) | |

**THIS MATTER** is before the Court on Petitioner's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence. (Doc. No. 1). For the reasons stated below, the Court will dismiss the motion.

**I.   BACKGROUND**

On August 13, 2007, Petitioner pled guilty pursuant to a written plea agreement to possession with intent to distribute and distribution of five or more grams of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B) and 21 U.S.C. § 851 (Count One), and using and carrying a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A) (Count Four). (Case No. 3:07-cr-30, Doc. No. 21: Plea Agreement; Doc. No. 22: Acceptance and Entry of Guilty Plea). The Court sentenced Petitioner to 120 months' imprisonment for the drug offense and 60 consecutive months for the firearm offense, entering its Judgment on June 3, 2008. (Id., Doc. No. 31: Judgment at 1-2). Petitioner appealed to the United States Court of Appeals for the Fourth Circuit, which affirmed his conviction and sentence on June 1, 2009. United States v. Ellison, 326 F. App'x 138 (4th Cir. 2009).

Petitioner timely filed the instant § 2255 motion raising the following three grounds for relief: (1) the Court erred running Petitioner's five-year sentence for the firearms conviction consecutively to the ten-year sentence for the drug trafficking conviction; (2) trial counsel was ineffective for failure raise that issue at sentencing; and (3) appellate counsel was ineffective for the refusing to raise that issue on appeal. (Doc. No. 1).

## II.     STANDARD OF REVIEW

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. After having considered the record in this matter, the Court finds that no response is necessary from the United States. Further, the Court finds that this matter can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III.    DISCUSSION

### A.      Sentence for § 924(c) Offense

Under 18 U.S.C. § 924(c), it is illegal to use, carry, or possess a deadly weapon in connection with a federal drug trafficking crime. Under § 924(c)(1)(A), "[e]xcept to the extent that a greater minimum sentence is otherwise provided by [§ 924(c)] or any other provision of law" certain mandatory minimum sentences must be imposed "in addition to the punishment for such . . . drug trafficking crime." The statute further directs "not withstanding any other provision of law" that the prison term for violating § 924(c) may not run concurrently with any other term of imprisonment, "including any term of imprisonment imposed for the . . . drug trafficking crime during which the firearm was used, carried, or possessed." 18 U.S.C. §

2

924(c)(1)(D)(ii). Even so, Petitioner argues that the "except" clause means that his § 924(c) sentence must run concurrently with the drug conviction because the drug conviction has a greater minimum sentence.

Petitioner is plainly not entitled to relief. When he filed his Motion to Vacate on April 28, 2010, this same argument had already been rejected by the Fourth Circuit in <u>United States v. Studifin</u>, 240 F.3d 415, 423 (4th Cir. 2001). After filing, the United States Supreme Court also rejected the argument, stating:

> We hold, in accord with the courts below, and in line with the majority of the Courts of Appeals, that a defendant is subject to a mandatory, consecutive sentence for a § 924(c) conviction, and is not spared from that sentence by virtue of receiving a higher mandatory minimum on a different count of conviction.

<u>Abbott v. United States</u>, 131 S. Ct. 18, 23 (2010). Therefore, Petitioner's argument is without merit.

### B. Ineffective Assistance of Counsel

To establish a claim of ineffective assistance of counsel, a petitioner must show that counsel's performance fell below an objective standard of reasonableness, and that he was prejudiced by such constitutionally deficient representation. <u>Strickland v. Washington</u>, 466 U.S. 668, 687-92 (1984). In measuring counsel's performance, there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." <u>Id.</u> at 689.

To demonstrate prejudice, Petitioner must show a probability that the alleged errors worked to his "<u>actual</u> and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." <u>Murray v. Carrier</u>, 477 U.S. 478, 494 (1986) (emphasis in original) (quoting <u>United States v. Frady</u>, 456 U.S. 152, 170 (1982)). Under these circumstances, Petitioner "bears the burden of proving <u>Strickland</u> prejudice." <u>Fields v. Attorney Gen. of Md.</u>,

3

956 F.2d 1290, 1297 (4th Cir. 1992) (citing Hutchins v. Garrison, 724 F.2d 1425, 1430-31 (4th Cir. 1983)). If Petitioner fails to meet this burden, "a reviewing court need not consider the performance prong." Fields, 956 F.2d at 1297 (citing Strickland, 466 U.S. at 697).

In considering the prejudice prong of the analysis, the Court must not grant relief solely because Petitioner can show that, but for counsel's performance, the outcome of the proceeding would have been different. Sexton v. French, 163 F.3d 874, 882 (4th Cir. 1998). Rather, the Court "can only grant relief under . . . Strickland if the 'result of the proceeding was fundamentally unfair or unreliable.'" Id. (quoting Lockhart v. Fretwell, 506 U.S. 364, 369 (1993)).

Counsel is presumed to be competent, and a petitioner seeking post-conviction relief bears a heavy burden to overcome this presumption. Carpenter v. United States, 720 F.2d 546, 548 (8th Cir. 1983). Conclusory allegations do not overcome the presumption of competency. Id. A petitioner bears an even heavier burden where the claim of ineffective assistance of counsel follows the entry of a guilty plea. Where a defendant has pled guilty, he must show "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985).

Finally, it is well established that counsel is permitted wide latitude in determining which claims are most likely to succeed on appeal and are therefore worth bringing. See Jones v. Barnes, 463 U.S. 745, 751-54 (1983); Fisher v. Lee, 215 F.3d 438, 457 (4th Cir. 2000). Counsel is not required to assert all non-frivolous issues on appeal. See Jones, 463 U.S. at 751-52.

As to Petitioner's ineffective assistance of trial and appellate counsel claims, since the Court did not err in imposing a consecutive sentence for the § 924(c) conviction, any arguments made by counsel along the lines suggested by Petitioner would have been futile. Therefore,

4

Petitioner has failed to establish a prima facie claim of ineffective assistance of counsel. See Keel v. French, 162 F.3d 263, 272 (4th Cir. 1998) (failure to raise futile issue does not give rise to an ineffective assistance of counsel claim, citing Smith v. Murray, 477 U.S. 527 (1986)).

IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that**:**

1. Petitioner's Motion to Vacate (Doc. No. 1) is **DENIED** and **DISMISSED** with prejudice; and

2. Pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, this Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller–El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable and that the petition states a debatably valid claim of the denial of a constitutional right).

Signed: June 10, 2013

Robert J. Conrad, Jr.
United States District Judge